IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE A. OWENS, FIRST
AMENDMENT PRO SE, FOR:
ASSOCIATED BUILDING AND
INVESTMENT GROUP, INC., et al.,

*Plaintiff*,

v.

HONORABLE JUDGE JAY BEFORT, et al.,

*Defendants*.

Case No. 25-cv-4019-EFM-RES

**MEMORANDUM AND ORDER**

Plaintiff Freddie A. Owens, on behalf of Associated Building and Investment Group, Inc. ("ABIG"), brings a claim under 42 U.S.C. § 1983 against the Honorable Jay Befort (a Kansas State District Court Judge in the Fifteenth Judicial District), Goppert State Service Bank ("GSSB"), the Board of Directors of GSSB ("the GSSB Board"), and Timothy L. Fielder (an attorney who represents GSSB). Defendants GSSB, the GSSB Board, and Fielder have filed a Motion to Dismiss (Doc. 6) asserting that Plaintiff's Complaint should be dismissed because it is improperly filed by Plaintiff, acting pro se, on behalf of ABIG (a corporation). In addition, they contend that Plaintiff fails to state a claim. Defendant Judge Befort also filed a Motion to Dismiss (Doc. 9) contending that (1) pro se Plaintiff Owens cannot bring a claim on behalf of ABIG, (2) Plaintiff's claims against Judge Befort are barred by absolute judicial immunity, and (3) Plaintiff failed to properly serve Judge Befort. For the reasons stated below, the Court grants Defendants' motions and dismisses Plaintiff's Complaint.

I.      **Factual and Procedural Background**

Plaintiff filed a seven-page form "Complaint for Violation of Civil Rights." He lists Plaintiff's name as "Freddie A. Owens, First Amendment Pro Se, For: Associated Building and Investment Group, Inc., et al."[1] Plaintiff alleges that Defendant GSSB froze Plaintiff's business bank accounts without due process of law and by breaking a contractual agreement. He contends that his constitutional rights have been violated, and state and local officials acted together which is a conspiracy violating his First Amendment civil rights. Plaintiff states that facts are contained in the "Writ Mandamus."

Plaintiff attached 11 exhibits to the Complaint, totaling 116 pages. One of the exhibits is a copy of a "Petition for Issuance of Writ of Mandamus and Request for Immediate Relief" that Plaintiff Owens, on behalf of ABIG, filed with the Kansas Supreme Court.[2] In this Writ of Mandamus, Plaintiff essentially contends that an underlying civil action filed against him and ABIG[3] in Shawnee County District Court is improper and Judge Befort abused his discretion.[4]

Defendants GSSB, the GSSB Board, and Fielder now move for dismissal. They assert that Plaintiff's Complaint should be dismissed or stricken because Plaintiff is improperly representing ABIG, a corporation, as a pro se litigant. In addition, they contend that Plaintiff fails to set forth sufficient factual allegations to state a claim. Plaintiff filed an untimely response to Defendants'

---

[1] Other documents in this case, such as the Civil Cover Sheet and Designation of Place of Trial, also indicate that Owens is attempting to proceed on behalf of ABIG because Plaintiff states that the Plaintiff is "Freddie A. Owens, First Amendment Pro Se For: Associated Building and Investment Group Inc., et al."

[2] Doc. 1-1.

[3] Defendants state that GSSB filed a petition for foreclosure against Owens and ABIG, among others, on February 14, 2024, in the District Court of Shawnee County, Kansas. Case No. SN-2024-CV-000099. Owens then filed a pro se counterclaim, on behalf of ABIG, alleging civil rights violations by GSSB. Defendants state that this suit remains pending.

[4] Plaintiff also attaches numerous articles that have no apparent relation to the proceedings.

motion that the Court struck. The Court subsequently allowed Plaintiff to file a response. Plaintiff's one-page response simply states that he opposes the motion and requests a hearing.

Defendant Judge Befort also filed a Motion to Dismiss. He asserts that the § 1983 claim against him should be dismissed due to absolute judicial immunity. In addition, he states that Plaintiff, proceeding pro se, cannot bring a claim on behalf of ABIG. Finally, he contends that service was improper. Plaintiff did not file a response to this motion.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[7] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[8] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[9] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[10] If the

---

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[9] *Iqbal*, 556 U.S. at 678–79.

[10] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[11]

Plaintiff is a pro se litigant, and therefore his pleadings must be liberally construed.[12] However, the district court is not permitted "to assume the role of advocate for the pro se litigant."[13] For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[14]

### III.  Analysis

**A.  Defendant GSSB, GSSB Board, and Fielder's Motion to Dismiss (Doc. 6)**

These three Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). They contend that Plaintiff's Complaint is improperly filed by Plaintiff. In addition, they contend that Plaintiff fails to allege sufficient facts to support a plausible claim.

*1.  Pro Se Plaintiff is Improperly Representing a Corporation*

Defendants first seek dismissal on the basis that Plaintiff, as a pro se litigant, cannot bring suit on behalf ABIG because a corporate entity cannot appear in court without being represented by a licensed attorney. Kansas law is clear: corporations and limited liability companies cannot appear in court pro se and must be represented by counsel.[15] Here, Plaintiff states that he is proceeding on behalf of a corporate entity. Because Plaintiff is not a licensed attorney, he cannot

---

[11] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Id.*

[14] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[15] *BD Med. Supplies LLC v. Bluestem Mgmt. Advisors, LLC*, 2023 WL 4104572, at *1 (D. Kan. June 21, 2023) (citations omitted); *see also Atchison Homeless Shelters, Inc. v. Cnty. of Atchison*, 24 Kan. App. 2d 454, 946 P.2d 113, 114 (1997) ("[C]orporations can only be represented in Kansas courts by an attorney duly licensed to practice law in Kansas.").

represent ABIG and bring this action on behalf of ABIG. Thus, any claims asserted by Plaintiff on ABIG's behalf must be dismissed.

### 2. *Plaintiff Fails to State a Claim*

To the extent that Plaintiff attempts to represent himself—and not ABIG—he fails to state a claim.[16] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide fair notice of the claims as well as the ground for which the claim rests upon.[17] In addition, the claim must have "facial plausibility."[18] "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19]

Plaintiff's allegations are extremely cursory. Indeed, he simply alleges that a civil rights cause of action began when GSSB Bank intentionally froze his business banking accounts without due process of law and by breaking a contractual agreement. In addition, he alleges that his constitutional rights have been violated because state and local officials acted together in a conspiracy to violate his First Amendment rights. Finally, he states that he is bringing an action under 42 U.S.C. § 1983. There are no other factual allegations.[20]

Plaintiff does not provide any underlying factual allegations to support any potential cause of actions for conspiracy, breach of contract, or a First Amendment violation. Nor does he provide sufficient factual allegations to support a cause of action under § 1983. Instead, he simply alleges that he has a claim. Although Plaintiff attaches to his Complaint a "Writ of Mandamus" that he filed with the Kansas Supreme Court, it is unclear to the Court how the document, or any of the

---

[16] As noted above, Plaintiff repeatedly states that he asserts claims on behalf of ABIG. The Court construes the Complaint very broadly in considering whether Plaintiff individually asserts any claims.

[17] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[18] *Id.*

[19] *Id.* (citing *Twombly*, 550 U.S. at 555.)

[20] Plaintiff's Complaint contains approximately ten sentences.

allegations in that document, supports any purported claims against these three Defendants. Furthermore, "[t]o state a claim under Section 1983, plaintiff must allege that a person has deprived them of a federal right, constitutional or statutory, and that the person acted under color of state law in doing so."[21] There are no allegations that these Defendants acted under color of state law. Thus, Plaintiff fails to set forth sufficient factual allegations to state any claims against these Defendants. Accordingly, the Court grants Defendants' Motion to Dismiss.

**B.     Judge Befort's Motion to Dismiss (Doc. 9)**

Judge Befort also filed a Motion to Dismiss asserting that Plaintiff's Complaint should be dismissed because Plaintiff is improperly attempting to represent a corporation, absolute judicial immunity bars Plaintiff's claim, and Plaintiff failed to properly serve Judge Befort.[22] The Court will only address the first two contentions.

*1.     Pro Se Plaintiff is Improperly Representing a Corporation*

As noted above, Plaintiff is not a licensed attorney, and he cannot represent ABIG. Thus, he cannot bring this action on behalf of ABIG. Accordingly, any claims asserted by ABIG are dismissed.

*2.     Judge Befort is Entitled to Absolute Immunity*

Judge Befort argues that the § 1983 claim against him should be dismissed on judicial immunity grounds. The doctrine of absolute judicial immunity shields judges for their "official adjudicative acts."[23] There are only two exceptions to the doctrine: "(1) when the act is not taken

---

[21] *Hall v. Witteman*, 569 F. Supp. 2d 1208, 1217 (D. Kan. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) (further citations omitted).

[22] Plaintiff failed to file a response to this motion. District of Kansas Rule 7.1(c) states that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion," and "[o]rdinarily, the court will grant the motion without further notice." Nevertheless, the Court will address the merits of Judge Befort's motion.

[23] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).

in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction."[24]

In this case, to the extent Plaintiff asserts claims on behalf of himself, there are no specific allegations directed toward Judge Befort in the form Complaint before this Court. Judge Befort is simply listed as a Defendant. However, the Writ of Mandamus, attached to Plaintiff's Complaint, appears to contain allegations that Judge Befort violated Plaintiff's rights in the rulings he made in the state court lawsuits involving Plaintiff.[25] Because the only allegations against Judge Befort relate to the functions he performed as a judge, and Plaintiff fails to allege that any exception is applicable,[26] absolute judicial immunity bars Plaintiff's claim.[27] Accordingly, the Court grants Judge Befort's Motion and dismisses Plaintiff's claims against him.

C.     **Plaintiff's Motion for Order (Doc. 19)**

Plaintiff filed a "Motion and Request for Injunction" (Doc. 19) on the date this Order was to be filed. He used a form complaint, but he crossed out the word "complaint" and handwrote the word "motion." The Court will briefly address it.

Plaintiff again states that he is proceeding on behalf of ABIG. In addition, although the title of the pleading indicates a "request for injunction," Plaintiff does not state what he seeks to enjoin. Instead, Plaintiff alleges in this filing that Judge Befort, along with two attorneys (Fielder—who

---

[24] *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (alterations, internal quotations marks, and citation omitted).

[25] Plaintiff references two lawsuits in Shawnee County: SN-2024-CV-000099 and SN-2023-000099.

[26] Although Plaintiff states in his Writ of Mandamus that Judge Befort has no jurisdiction over Plaintiff's civil rights, he fails to adequately allege a clear absence of jurisdiction. "[T]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Derringer v. Chapel*, 98 F. App'x 728, 733 (10th Cir. 2004) (citation omitted). "So long as a judge acts with at least a semblance of subject matter jurisdiction, he is immune." *Id.* (citation omitted). Based on Plaintiff's allegations, he simply complains about Judge Befort's rulings in a state court case in which Judge Befort had jurisdiction.

[27] The Court will not address Defendant's final argument that Plaintiff failed to properly serve Judge Befort.

is named in this suit, and another attorney who is not a party to this lawsuit), are biased and prejudiced against ABIG. He references a conspiracy with Judge Befort and states that there are continued threats and extreme harassment of ABIG in a state court proceeding. Under the "irreparable injury" section, Plaintiff states that he seeks $100,000,000. And under the "relief" section, Plaintiff states "see attachment of original writ of mandamus file[d] in the U.S. Federal District Court of Kansas."[28]

Because Plaintiff cannot proceed on behalf of ABIG, does not state what he seeks to enjoin, and still fails to allege any facts entitling him to any relief, the Court denies the motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (Doc. 19) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 10th day of September, 2025.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] Plaintiff attaches the Writ he originally filed, an affidavit alleging bias against Judge Befort, and other numerous documents from his state court case.