IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE A. OWENS, FIRST
AMENDMENT PRO SE, FOR:
ASSOCIATED BUILDING AND
INVESTMENT GROUP, INC., et al.,

   *Plaintiff*,

v.

HONORABLE JUDGE JAY BEFORT, et al.,

   *Defendants*.

Case No. 25-cv-4019-EFM-RES

**MEMORANDUM AND ORDER**

Plaintiff Freddie A. Owens, on behalf of Associated Building and Investment Group, Inc. ("ABIG"), brought a claim under 42 U.S.C. § 1983 against the Honorable Jay Befort (a Kansas State District Court Judge in the Fifteenth Judicial District), Goppert State Service Bank ("GSSB"), the Board of Directors of GSSB ("the GSSB Board"), and Timothy L. Fielder (an attorney who represents GSSB). All Defendants filed motions to dismiss. On September 10, 2025, the Court granted those motions finding that (1) Plaintiff improperly represented a corporation; (2) Plaintiff failed to state a claim; and (3) Judge Befort was entitled to absolute immunity.

Plaintiff has now filed a "Petition for Writ of Administrative Mandamus" (Doc. 22). It is unclear what Plaintiff seeks to do with this pleading. He states that it is a "2nd Amendment Motion and Request for Injunction, with New Information for Relief and Release, for Civil Rights Claim," and he states that he is being denied due process and equal protection of the law. In addition, he claims human rights violations "per the Seventh and First Amendment," references state criminal

abortion laws, and references Defendants' alleged improper banking practices. The majority of Plaintiff's document, however, is a copy of a previous document filed with the Court.

This case is closed, and judgment has been entered. A post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[1] A motion for reconsideration under Rule 59(e) "gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[2] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[3] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[5] To the extent Plaintiff seeks reconsideration of the Court's prior order or seeks to set aside/alter the judgment, he provides no valid basis. Accordingly, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Writ of Administrative Mandamus (Doc. 22) is **DENIED.**

---

[1] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[2] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[3] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citation omitted).

[4] *Voelkel*, 846 F. Supp. at 1483 (citations omitted).

[5] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE